# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MARCUS SMITH and NADINE SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KELSO, ROADRUNNER VAN LINES, LLC, ROADRUNNER MOVING AND STORAGE COMPANY, and SUNSTATE CARRIERS, INC., <br><br> Defendants. | **CIVIL ACTION NO.:** <br> **2:20-cv-00180-DCN** <br><br><br> **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |

COMES NOW Roadrunner Moving and Storage Company (hereinafter "Defendant"), Defendant in the above-referenced civil action and files its Response in Opposition to Plaintiff's Motion for Remand.

## I. Introduction and Statement of Facts

This civil action was originally filed on November 13, 2019, by Plaintiffs against Defendants Roadrunner Van Lines, LLC and Roadrunner Moving and Storage Company in the County of Colleton, in the Court of Common Pleas, 14th Judicial Circuit, in the State of South Carolina. Defendant properly removed this action to this Court on January 21, 2020. (See Docket No. 1). Plaintiffs improperly attempted service upon Defendant through certified mail service on a non-specified defendant

merely named "Roadrunner" sent to an address that was neither the registered agent nor corporate headquarters of any Defendant. Contrary to the unsubstantiated assertions made by Plaintiffs in their Motion that Roadrunner Moving and Storage, Inc. was served through its registered agent, Defendant is unaware of such attempted service, and Plaintiffs have produced no evidence proving the same to this Court or the Colleton County Court of Common Pleas. Defendant Roadrunner Van Lines, LLC has not been served to date. Defendant and Roadrunner Van Lines, LLC (hereinafter "Roadrunner Defendants") filed their Answers on January 24, 2020, raising affirmative defenses of improper service. (See Docket Nos. 5 and 6). Plaintiffs filed their Motion to Remand on February 11, 2020. (See Docket No. 8). This Response in Opposition follows.

In their motion, Plaintiffs reference a stipulation filed in the Colleton County Court of Common Pleas on December 9, 2019, stipulated by Plaintiffs and purportedly consented to by Defendant Jason Kelso and Sunstate Carriers, Inc.[1] This Stipulation contemplates damages not above the jurisdictional limit applicable for removal pursuant to diversity jurisdiction, but does not consider the ten thousand dollar ($10,000.00) jurisdictional limit relevant to the grounds upon which Defendant removed this matter to federal court, 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. 1445(b). Significantly, Roadrunner Defendants are not signatories to

---

[1] The Stipulation does not specify the Defendant on behalf of whom defense counsel Duke Highfield signed.

this Stipulation. Accordingly, the Stipulation signed by parties other than the removing Defendant, which does not pertain to the pertinent grounds for removal in the instant case, is not binding and has no effect on the removability of this matter.

Lastly, 28 U.S. Code § 1446(b)(2)(C) provides when "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Defendants Jason Kelso and Sunstate Carriers, Inc. ("Sunstate Defendants) were consulted regarding removal prior to January 21, 2020, and did not object to removal. Sunstate Defendants have affirmatively consented to removal as evidenced by the Notices of Consent to Remove attached hereto as Exhibit A.

For the reasons stated above and herein, Plaintiffs Motion to Remand is due to be denied.

**II.  49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. § 1445(b) Preempt Any Previous Stipulation to Which Roadrunner Moving and Storage Company was not a Signatory**

Plaintiffs argue jurisdiction is not proper because they and Sunstate Defendants entered a Stipulation agreeing to maintain the action in state court. However, this Stipulation is not binding upon Roadrunner Defendants as they did not agree to the Stipulation. Moreover, the Stipulation does not prevent Sunstate Defendants from consenting to removal based upon grounds outside the scope of the provisions therein.

The Stipulation only contemplates an agreement to not remove the case to the District of South Carolina based upon diversity jurisdiction. This is implicit in the terms related to the damages not exceeding seventy-five thousand dollars ($75,000), the threshold amount of damages needed to meet jurisdictional requirements for diversity jurisdiction, and the provision that "[s]hould the amount in controversy change such that it exceeds $75,000.00, the plaintiff will move to amend his complaint within the one-year removal period and with notice to the Defendant in such a manner so to allow the Defendant to remove the case." Here, however, Defendant has removed this case based upon the provisions of Fed. R. Civ. P. 28 U.S.C. § 1331 (federal question jurisdiction), 49 U.S.C. § 14706 (the "Carmack Amendment"), and 28 U.S.C. § 1445(b) (removal proper where Carmack Amendment claim exceeds $10,000 in controversy). (See Docket No. 1). Accordingly, the Stipulation relied upon by Plaintiffs has no bearing on present grounds for removal.

### III. Failure to Allege Joinder of All Defendants Does Not Defeat Federal Jurisdiction Because Any Such Defect Does Not Amount to a Substantial Defect and Does Not Go To The Question of Whether the Case Could Have Originally Been Brought in Federal Court

Plaintiffs argue this action should be remanded because not all properly served and joined defendants, i.e. the Sunstate Defendants, did not explicitly provide a separate written consent to removal. However, the Fourth Circuit has recognized removal "in a multiple-defendant case can be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the

removal." Mayo v. Bd. of Educ., 713 F.3d 735, 742 (4th Cir. 2013)(holding rule of unanimity met when one signing attorney unambiguously represents all defendants consent). Plaintiffs concede Defendant's Notice of Removal states all defendants consent to removal. (See Docket No. 1, ¶ 13). To the extent any ambiguity is created by undersigned counsel's affidavit, a court, in its discretion, may allow a party to amend it's notice of removal when the evidence so supports jurisdiction in federal court, and amendment should be liberally permitted in the interest of justice to avoid dismissal of suit on purely technical grounds. See 28 U.S.C. § 1653. See also, SunTrust Bank v. Vill. at Fair Oaks Owner, LLC, 766 F. Supp. 2d 686, 691 (E.D. Va. Feb. 14, 2011). District Courts have the discretion to allow amendments to correct allegations already present in the notice of removal, but do not have discretion to grant amendments which would furnish new allegations of a jurisdictional basis. Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014).

The facts here support jurisdiction in federal court. This case could have originally been filed in federal court because all elements of 49 U.S.C. § 14706 are met based upon the following: (a) Moving Defendant, as a motor carrier, provided interstate transportation services for Plaintiff's shipment from Florida to Maryland; (b) actual loss or injury occurred to the Shipment; (c) Moving Defendant caused the loss or injury; and (d) Plaintiff's alleged losses exceed the sum of $10,000.00, exclusive of interest and costs.

Additionally, the code section upon which Plaintiffs' Motion to Remand relies pertains to actions "removed *solely* under section 1441(a)." See 28 U.S.C. § 1446(b)(2)(a) (emphasis added). As previously stated, this action was removed under 28 U.S.C. § 1331, 49 U.S.C. § 14706, and 28 U.S.C. § 1445(b) and thus, Plaintiff's Motion is completely unfounded. To the extent explicit written consent is required of Sunstate Defendants, counsel for such defendants has provided a Notice of Consent, attached hereto as Exhibit A.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand should be DENIED.

This 24th day of February, 2020.

| | |
|---|---|
| 24 Drayton, St. Suite 300<br>Savannah, GA 31401<br>T: 912-525-4964<br>F: 912-525-4961<br>E: kate.cappelmann@lewisbrisbois.com | LEWIS BRISBOIS BISGAARD & SMITH LLP<br><br>*/s/ Kate Cappelmann*<br>Kate Cappelmann<br>SC Federal Bar No. 11884<br><br>*Counsel for Defendants Roadrunner Van Lines, LLC and Roadrunner Moving and Storage Company* |