# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MARCUS SMITH and NADINE SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:20-cv-0180-DCN |
| vs. ) | |
| ) | **ORDER** |
| JASON KELSO, ROADRUNNER VAN ) | |
| LINES, LLC, ROADRUNNER MOVING ) | |
| AND STORAGE COMPANY, and ) | |
| SUNSTATE CARRIERS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter is before the court on plaintiffs Marcus and Nadine Smith's (collectively, "plaintiffs") motion to remand, ECF No. 8. For the reasons discussed below, the court denies the motion.

## I.   BACKGROUND

Plaintiffs hired defendant Roadrunner Moving and Storage Company ("Roadrunner Moving and Storage") to transport their household property from Plantation, Florida to their new home in Gambrills, Maryland. On October 8, 2018, Roadrunner Moving and Storage loaded plaintiffs' property into a tractor trailer owned by defendant Roadrunner Van Lines, LLC ("Roadrunner Van Lines") (together with Roadrunner Moving and Storage, the "Roadrunner defendants") and started north. During the trip, the truck towing the Roadrunner Van Lines tractor tailor blew a tire, ran off of Interstate 95, and crashed into another tractor trailer that was parked on the shoulder of the interstate. Defendant Sunstate Carriers, Inc. ("Sunstate") owned the parked tractor trailer, and defendant Jason Kelso ("Kelso") was its driver. Plaintiffs

1

allege that their property was badly damaged as a result of the accident, which occurred in Colleton County, South Carolina.

Plaintiffs filed this action in the Colleton County Court of Common Pleas on November 13, 2019, alleging negligence, gross negligence, and negligence per se against the Roadrunner defendants, Sunstate, and Kelso. ECF No. 1-1. On January 21, 2020, the Roadrunner defendants filed a notice of removal with this court. ECF No. 1. On February 11, 2020, plaintiffs filed the instant motion to remand. ECF No. 8. Roadrunner Moving and Storage responded to the motion on February 24, 2020, ECF No. 9, and plaintiffs filed a reply on March 9, 2020, ECF No. 19. Thus, this matter has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where

such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III.   DISCUSSION

Plaintiffs argue two grounds for remand. First, they argue that the Roadrunner defendants' notice of removal does not sufficiently register the consent of the other defendants, Sunstate and Kelso. Second, they argue that removal is untimely. Because resolution of the latter issue is necessary to properly analyze the former issue, the court discusses the timeliness of the removal first and then turns to sufficiency of the consents. Plaintiffs' arguments for remand are rooted in removal procedure rather than substance, and the parties do not dispute that the court has subject matter jurisdiction over plaintiffs' claims. However, because subject matter jurisdiction is a constitutional limitation upon the court and because the nature of the court's subject matter jurisdiction in this case is unconventional, the court finds that a brief substantive discussion of its jurisdiction is warranted before delving into plaintiffs' procedural arguments.

#### A. Subject Matter Jurisdiction

The Roadrunner defendants' notice of removal contends that the court has federal subject matter jurisdiction based on 49 U.S.C. § 14706. Plaintiffs' complaint, however, does not allege any claim under 49 U.S.C. § 14706 or any other federal law. Instead, plaintiffs allege state-law claims of negligence, negligence per se, and gross negligence. Nevertheless, the court has subject matter jurisdiction over the plaintiffs' claims because

plaintiffs' complaint necessarily implicates federal law under the doctrine of complete preemption.

Under the "well-pleaded complaint" rule, "federal question jurisdiction [under § 1331] is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law . . . ." In re Blackwater, 460 F.3d at 584 (4th Cir. 2006) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Normally, the well-pleaded complaint rule requires that at least one of the plaintiff's pleaded claims arise from a federal law. One exception to that generalization is where a federal question necessarily arises from a plaintiff's state law claim under the doctrine of preemption.

A complaint "purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." Vaden v. Discover Bank, 556 U.S. 49, 61 (2009). "Under this so-called 'complete preemption doctrine,' a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction." Id. (citing 14B Wright & Miller § 3722) (cleaned up). "Federal law preempts state and common law when Congress expressly provides that the federal law supplants state authority in a particular field, or when its intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act." Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 704 (4th Cir. 1993) (citing Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)).

The Carmack Amendment, 49 U.S.C. § 14706, "was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887 and addresses the liability of common carriers for goods lost or damaged during a shipment over which the Interstate

Commerce Commission has jurisdiction." Id. The Supreme Court and the Fourth Circuit have long found that the Carmack Amendment manifests Congress's "intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading" and thus preempts state law where a plaintiff alleges liability of an interstate carrier for damage to personal property. Id.; see also New York, N. H. & H. R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953); Adams Express Co. v. Croninger, 226 U.S. 491 (1913).

Here, the Roadrunner defendants' notice of removal contends that the court has jurisdiction over plaintiffs' claims pursuant to the Carmack Amendment. Indeed, plaintiffs' claims allege that defendants are liable for damage to plaintiffs' property based on an accident that occurred during interstate travel after plaintiffs entrusted personal property to the Roadrunner defendants. Under the doctrine of complete preemption, therefore, plaintiffs' complaint presents a federal question, despite alleging only state law claims. Thus, the court has subject matter jurisdiction over plaintiffs' state law claims under § 1331, pursuant to the Carmack Amendment's preemption of state law.

### B. Timeliness of Removal

Despite the complexity of the subject matter jurisdiction analysis, plaintiffs' motion to remand is rooted in procedure rather than substance. Plaintiffs argue that the Roadrunner defendants' notice of removal is untimely. Because plaintiffs have failed to show that the Roadrunner defendants were properly served, however, their argument fails.

Under 28 U.S.C. § 1446(b)(1), a removing defendant must file its notice of removal with the district court "within 30 days after the receipt by the defendant, through

<u>service or otherwise</u>, of a copy of the initial pleading . . . ." (emphasis added).  A plain-language reading of the statute invites an interpretation that the 30-day clock for removal begins to run upon a defendant's receipt of the complaint, regardless of whether service was procedurally proper.  However, the plain language of § 1446(b)(1) has proven deceiving.  Interpretation of the phrase "through service or otherwise" was the source of contentious debate among courts and legal scholars in the 1990s.  The debate birthed two schools of thought: under the "receipt rule", the 30-day clock to remove began upon a defendant's receipt of a copy of the initial pleading, without regard to whether service had been effected; the "proper service rule", however, as the name implied, required that the defendant be properly served before the 30-day clock commenced.

> In 1996, this court adopted the proper service rule, explaining:
>
> Because of the due process problems inherent with the receipt rule in addition to the widespread confusion which it creates, this court believes that the proper service rule is the more sound approach.  It provides all litigants, in addition to the court, with a bright line test by which to measure the commencement of a defendant's removal period, and is for many reasons the better approach to determine the triggering event for the § 1446(b) thirty-day removal period.

<u>Bowman v. Weeks Marine</u>, Inc., 936 F. Supp. 329, 333 (D.S.C. 1996).  In <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), the Supreme Court resolved the country-wide dispute and adopted the proper service rule, explaining that the proper service rule is not only superior in effect, but it is the interpretation compelled by Congressional intent.  The Supreme Court sensibly reasoned in <u>Murphy Bros.</u> that Congress's inclusion of the phrase "through service or otherwise" was intended to extend, not limit, a defendant's time for removal in excess of the traditional rule that proper service triggered the removal clock.  Thus, the Court concluded,

> [I]t would take a clearer statement than [Congress's inclusion of the words "through service or otherwise"] to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change—to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority.

Id. at 356. Thus, the law is now clear that under § 1446(b)(1), a defendant has 30 days to remove an action from the time proper service is effected.

The Roadrunner defendants filed their notice of removal on January 21, 2020. The question that naturally follows is when, if at all, the Roadrunner defendants were properly served in this matter. Plaintiffs contend that "the [s]ummons and [c]omplaint w[ere] received by Roadrunner's[1] registered agent by certified mail on November 23, 2019 and at Roadrunner's corporate address on December 13, 2019[]." ECF No. 19 at 4. In other words, plaintiffs contend that they properly served the Roadrunner defendants via certified mail and that service was effected on November 23, 2019 or, at the latest, December 23, 2019. The Roadrunner defendants, on the other hand, contend that they are "unaware of [any] attempted service" on Roadrunner Moving and Storage and that Roadrunner Van Lines "has not been served to date." ECF No. 9 at 2. The court finds that plaintiffs' attempted service was not proper.

The Federal Rules of Civil Procedure do not provide for service via certified mail. However, under Fed. R. Civ. P. 4(e)(1), a plaintiff may effect proper service through adherence to the service rules of the state in which the district court is located or of the state in which service is made. In this case, service was made in Florida, whose Civil

---

[1] Plaintiffs state that "Roadrunner" received the summon and complaint. ECF No. 19 at 4. It is unclear whether plaintiffs mean Roadrunner Moving and Storage or Roadrunner Van Lines.

Rules do not recognize certified mail as a proper means of service. See Fla. R. Civ. P. 1.070.[2] As such, to be proper, and therefore trigger the defendant's 30-day removal clock, plaintiffs' alleged service must pass muster under the South Carolina Rules of Civil Procedure.

South Carolina law permits an unincorporated association to be served "by registered or certified mail, return receipt requested and delivery restricted to the addressee." SCRCP 4(d)(8). Therefore, there are two requirements for service by certified mail: a return receipt and delivery restricted to the addressee. See Roche v. Young Bros. of Florence, 456 S.E.2d 897, 900 (S.C. 1995) (explaining that Rule 4(d)(8) of the South Carolina Rules of Civil Procedure "requires that the return receipt be restricted to the addressee and show acceptance by the defendant").

Plaintiffs have presented one return receipt, which they contend proves that service was proper. The addressee on the receipt is simply listed as "Roadrunner", and plaintiffs allege that the listed address is Roadrunner Moving and Storage's "last mailing address listed with the Federal Motor Carrier Safety Administration and the United States Department of Transportation." ECF No. 19 at 4 n.2.[3] It is clear from the receipt that plaintiffs did not comply with the requirement that delivery be "restricted to the addressee." On the return receipt, the box next to "Certified Mail Restricted Delivery" is

---

[2] The Florida Rules of Civil Procedure provide that a defendant may waive formal service by acceptance of the complaint through mail. Fla. R. Civ. P. 1.070(i). However, there is no dispute here that the Roadrunner defendants did not waive service. Moreover, such a waiver would be required to be filed with the court, and plaintiffs have made no such filing. See Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009).

[3] The court is unsure of the legitimacy of the address to which plaintiffs sent the summons and complaint; however, even assuming without deciding that plaintiffs attempted service upon the correct address, the service is nevertheless improper because delivery was not "restricted to the addressee."

not checked, and plaintiffs have never stated that the return receipt was sent restricted to the addressee. See ECF No. 19-2 at 2. SCRCP 4(d)(8) and the Supreme Court of South Carolina's interpretation of the rule in Roche clearly states that restriction to the addressee is required for service to be proper. See id.; see also Langley v. Graham, 472 S.E.2d 259, 260 (S.C. Ct. App. 1996) (finding service to be improper in part because the delivery of the summons and complaint was not restricted to addressee only). Moreover, plaintiffs have provided no support for their contention that the complaint was "received by Roadrunner's registered agent", and the recipient's name on the return receipt is illegible. Therefore, service was improper under South Carolina law.

Finding that plaintiffs' attempted service was improper, the court concludes that the Roadrunner defendants' 30-day removal period has not yet began. As such, the Roadrunner defendants timely removed this matter when they filed their notice of removal on January 21, 2020. The court rejects plaintiffs' argument to the contrary.

### C. Sufficiency of Consent

As the primary basis for their motion to remand, plaintiffs argue that the Roadrunner defendants "failed to comply with the requirements of the removal statutes" because "[t]here is no written and signed joinder from [their] co-defendants in the removal petition." ECF No. 8 at 5. In other words, plaintiffs argue that the Roadrunner defendants did not sufficiently register the consent of their co-defendants in their notice of removal.

28 U.S.C. § 1446(b)(2)(A) codifies the common-law "unanimity requirement" and makes clear that "all defendants who have been properly joined and served must join in or consent to the removal of the action." The statute, however, is silent as to how the

removing defendant must register the consent of its non-removing co-defendants. The Fourth Circuit answered that question definitively for this circuit in <u>Mayo v. Bd. of Educ. of Prince George's Cty.</u>, 713 F.3d 735 (4th Cir. 2013). There, a defendant filed a notice of removal with the district court in which that defendant unambiguously stated that its co-defendants consented to the removal. The plaintiff argued that the removing defendant did not sufficiently register the consent of its co-defendants, each of whom, plaintiff argued, should be required to independently notify the court of its consent to removal. The Fourth Circuit rejected the plaintiff's argument, concluding that "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." <u>Mayo</u>, 713 F.3d at 742. The Fourth Circuit rejected the formalistic approach of requiring independent consent from each defendant, noting that "we can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal." <u>Id.</u>[4]

The Roadrunner defendants' notice of removal states, "Each Defendant, by and through their counsel of record, consents to the removal of this action." ECF No. 1 at 6. On its face, this statement satisfies the Fourth Circuit's standard for registration of co-defendant consent. However, plaintiffs point to two factual circumstances that cast doubt

---

[4] In their motion to remand, plaintiffs rely on two district court cases from the Fourth Circuit that employed a higher standard for a removing defendant's registration of its co-defendant's consent. See <u>Creekmore v. Food Lion, Inc.</u>, 797 F. Supp. 505 (E.D. Va. 1992) and <u>Creed v. Virginia</u>, 596 F. Supp. 2d 930 (E.D. Va. 2009). Because these cases were decided before the Fourth Circuit's decision in <u>Mayo</u>, the court finds them unpersuasive.

on the sufficiency of the Roadrunner defendants' registration of their co-defendants' consent by insinuating that the Roadrunner defendants did not actually have the consent of their co-defendants when they filed the notice of removal. First, plaintiffs point out that the notice of removal's statement of consent cites to an affidavit in which counsel for the Roadrunner defendants consents to removal solely on behalf of the Roadrunner defendants. See ECF No. 1-3. In other words, the notice of removal's statement of consent cites to proof of the Roadrunner defendants' consent but is unsupported by evidence of Sunstate or Kelso's consent.

     The plaintiffs cast further doubt on the Roadrunner defendants' registration of their co-defendants' consent by noting the procedural circumstances of the notice of removal. On January 21, 2020, Sunstate made two filings in this action with the state court: an answer to the complaint and a joint stipulation with plaintiffs, in which plaintiffs stipulated that their claimed damages would not exceed $75,000. Only two hours later, on the same day, the Roadrunner defendants filed their notice of removal, which alleged the consent of their co-defendants. According to plaintiffs, "the record made by Sunstate in state court, just two hours before the removal petition was filed, strongly suggests that the Roadrunner defendants did not receive the consent of the Sunstate Defendants prior to filing their removal petition." ECF No 19 at 3. Indeed, in response to a question from the court, the Roadrunner defendants conceded that they were not able to obtain affirmative consent from Kelso and Sunstate before filing the

notice of removal.[5]  As such, while the notice of removal is facially proper, underlying facts render it deficient.

Nevertheless, the Roadrunner defendants argue that remand is not warranted because their notice of removal can be amended to properly register the consent of their co-defendants.  Accordingly, the Roadrunner defendants have attached as an exhibit to their response to the motion to remand a "Notice of Consent", in which counsel for Sunstate and Kelso unambiguously provide their consent to removal.  See ECF No. 9-3.  The court agrees and finds that (1) the circumstances justify allowing the Roadrunner defendants to amend the notice of removal and (2) the "Notice of Consent" is sufficient to effectively amend the notice of removal by remedying its underlying factual deficiencies.

28 U.S.C. § 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  In the Fourth Circuit, the standard district courts should employ in considering a removing defendants' request to amend a notice of removal depends upon the timing of the amendment.  After a defendant's 30-day removal window has closed, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal," meaning that a permissible amendment amounts to a mere "technical correction."  Wood v. Crane Co., 764 F.3d 316, 322 (4th Cir. 2014) (citing Nutter v. New Rents, Inc., 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991) (unpublished decision)); see also Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co., 57 F. Supp. 3d 589, 596 (E.D. Va. 2014).  By negative

---

[5] In light of the limitations presented by the current and ongoing COVID-19 pandemic, the court opted to reach out to the parties directly via email with questions in lieu of holding a hearing.

implication, within the defendant's 30-day removal window, a court has discretion to permit a defendant to amend its notice of removal even where the proposed amendment effects a substantive change.

The court finds that the circumstances present here justify allowing the Roadrunner defendants to amend their notice of removal.[6] For one, the court's finding is justified by the haphazard circumstances of plaintiffs' attempted service. In response to questions by the court, the Roadrunner defendants explained that plaintiffs' improper service methods resulted in their receiving late notice of this lawsuit. Therefore, the Roadrunner defendants explained, they filed notice of removal without first obtaining the affirmative consent of their co-defendants because they were concerned that their opportunity to remove might expire. Shortly after filing the notice of removal, the Roadrunner defendants obtained the consent of their co-defendants. Now, there is no dispute that all defendants consent to removal. Moreover, the court finds that the exercise federal jurisdiction over this case is especially prudent given federal law's complete preemption of plaintiffs' state law claims. Thus, the court finds that the Roadrunner defendants may amend the notice to properly register the consent of their co-defendants.

The circumstances of this case do not justify complying with the formalities associated with amending a notice of removal. As discussed above, the notice of removal is facially valid, but facts underlying the notice rendered it deficient. The law is clear that

---

[6] The court need not determine whether the Roadrunner defendants' failure to obtain the affirmative consent of their co-defendants prior to filing the notice of removal falls on the "technical" or "substantive" side of the spectrum because it has already determined that the window for removal has not closed.

a court has the discretion to allow an amendment to the notice of removal, and here justice weighs in favor of allowing such an amendment. Rather than filing a formal amendment to their notice of removal, the Roadrunner defendants have presented a "Notice of Consent", in which Kelso and Sunstate unambiguously give their consent for removal. Instead of requiring the Roadrunner defendants to file an amended notice of removal that would state substantially the same facts as the notice already before the court, the court finds that the "Notice of Consent" is sufficient to correct the factual deficiencies that previously rendered the notice of removal defective. In other words, the Roadrunner defendants have effectively amended the notice of removal by sufficiently registering the consent of their codefendants. As such, the court finds that the notice of removal is now proper and denies plaintiffs' motion.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 16, 2020**
**Charleston, South Carolina**