IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARCUS SMITH and NADINE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:20-cv-0180-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| JASON KELSO, ROADRUNNER VAN | ) | |
| LINES, LLC, ROADRUNNER MOVING | ) | |
| AND STORAGE COMPANY, and | ) | |
| SUNSTATE CARRIERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on defendants Roadrunner Van Lines

LLC ("Roadrunner Van Lines") and Roadrunner Moving and Storage Company's

("Roadrunner Moving and Storage") (collectively, "the Roadrunner defendants") motion

to dismiss, ECF No. 28, and plaintiffs Marcus and Nadine Smith's ("plaintiffs") motion

to amend, ECF No. 32.  For the reasons set forth below, the court denies the motions.

## I.  BACKGROUND

Plaintiffs hired Roadrunner Moving and Storage to transport their household

property from Plantation, Florida to their new home in Gambrills, Maryland.  On October

8, 2018, Roadrunner Moving and Storage loaded plaintiffs' property into a tractor trailer

owned by Roadrunner Van Lines and started north.  During the trip, the truck towing the

Roadrunner Van Lines tractor tailer blew a tire, ran off of Interstate 95, and crashed into

another tractor trailer that was parked on the shoulder of the interstate.  Defendant

Sunstate Carriers, Inc. ("Sunstate") owned the parked tractor trailer, and defendant Jason

1

Kelso ("Kelso") was its driver.  Plaintiffs allege that their property was badly damaged as a result of the accident, which occurred in Colleton County, South Carolina.

Plaintiffs filed this action in the Colleton County Court of Common Pleas on November 13, 2019, alleging negligence, gross negligence, and negligence per se against the Roadrunner defendants, Sunstate, and Kelso.  ECF No. 1-1.  On January 21, 2020, the Roadrunner defendants filed a notice of removal with this court, ECF No. 1, to which plaintiffs objected by filing a motion to remand the matter to state court, ECF No. 8.  On April 16, 2020, this court filed an order denying plaintiffs' motion to remand.  ECF No. 24 ("April 16 Order").  Resolving the motion to remand required the court to determine whether defendants' removal was timely.  Under 28 U.S.C. § 1446(b)(1), a defendant has 30 days to remove an action after service has been properly effected.[1]  As such, resolving the timeliness issue required the court to determine when, if at all, plaintiffs properly served the Roadrunner defendants with process.  Plaintiffs argued that they served the Roadrunner defendants when they sent copies of the summons and complaint to the Roadrunner defendants' place of business via certified mail.  Because that attempted service did not comply with the federal or South Carolina state rules for service, the court found that "plaintiffs' attempted service was improper . . . ."  April 16 Order at 9.  Therefore, the court concluded, the Roadrunner defendants had not been properly served and their 30-day clock to remove had not yet begun to tick.  As such, the court found that removal was timely and denied the motion to remand.

---

[1] For an in-depth discussion on courts' evolving treatment of 28 U.S.C. § 1446(b)(1), see April 16 Order at 5–7.

On May 22, 2020, the Roadrunner defendants filed a motion to dismiss for insufficient service of process. ECF No. 28. In lieu of a response, plaintiffs filed a motion to amend their summons and complaint on June 5, 2020. ECF No. 32.[2] On June 19, 2020, the Roadrunner defendants responded to plaintiffs' motion to amend. ECF No. 36. The time to file any additional briefing on these motions has expired; therefore, the motions are ripe for the court's consideration.

## II. DISCUSSION

The Roadrunner defendants filed their motion to dismiss before plaintiffs filed their motion to amend. However, because the court's resolution of the motion to dismiss depends on whether it will permit plaintiffs to amend their summons and complaint, the court addresses the motion to amend first.

### A. Motion to Amend

Plaintiffs seek leave to amend their summons and complaint, arguing that "[t]he amendments are necessary to effectuate service of process upon the Roadrunner Defendants." ECF No. 30 at 2. Because the amendment that plaintiffs propose would serve no purpose, the court denies the motion.

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." However, justice weighs in favor of denying leave where a party acts in "bad faith", with "dilatory motive", or where the amendment would

---

[2] Plaintiffs have filed a document styled on the docket as a "reply" to the Roadrunner defendants' motion to dismiss. ECF No. 30. However, the memorandum contained within that docket entry is identical to the memorandum in support of plaintiffs' motion to amend and fails to respond to the substance of the Roadrunner defendants' motion to dismiss. Therefore, the court declines to consider the document a "response" to the motion to dismiss.

be unduly prejudicial or futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Here,

plaintiffs claim that an amendment is necessary to properly effectuate service.  Plaintiffs

speciously explain that

> [B]ecause the original Summons and Complaint were filed in state court,
> without an amendment to the pleadings and a reissuance of a summons by
> this Court, service of process would arguably still be insufficient because
> the original summons and complaint bear a state court caption and demand
> the [d]efendants file their answer pursuant to the South Carolina Rules of
> Civil Procedure in the Colleton County Court of Common Pleas.

Id.  In other words, plaintiffs argue that in order to properly serve the Roadrunner

defendants, the caption of the summons and complaint must be changed to reflect the fact

that the case is now before this court and not the Colleton County Court of Common

Pleas.  Unsurprisingly, plaintiffs provide no legal support for their assertion that in order

for service to be proper after removal, a summons and complaint must bear the caption of

the federal court to which the lawsuit was removed.  More conspicuous than the

plaintiffs' lack of legal support is the absence of any supporting logic whatsoever.

Plaintiffs claim that service would "arguably [] be insufficient" because the current

summons demands that the Roadrunner defendants file an answer in state court.  The

court can't imagine that the Roadrunner defendants will be confused as to which court

they should file their answers in, considering that they themselves removed the action to

this court, ECF No. 1, and that they have already filed answers with this court, ECF Nos.

5 and 6.

Moreover, the purpose of summons and complaint is to put the defendants on

notice of the allegations against them.  The Roadrunner defendants have filed with this

court a notice of removal, answers, and three separate motions.  Clearly, if plaintiffs

properly serve the Roadrunner defendants with the summons and complaint, as currently

2:20-cv-00180-DCN     Date Filed 07/13/20     Entry Number 38     Page 5 of 10

captioned, the Roadrunner defendants will hardly be confused as to which court they should proceed in.  The court is unsure of the plaintiffs' motive for submitting such a strange request, be it to restart the procedural clock for effectuating service or to not-so-subtly sidestep pending the motion to dismiss, but what is clear to the court is that plaintiffs' argument in support of their request elevates form so high above substance that it divests the federal procedural rules of all their intended meaning.  An amendment changing the caption of the summons and complaint would serve no useful purpose and would not assist the plaintiffs in serving the Roadrunner defendants.  As such, the court denies the motion to amend.

**B. Motion to Dismiss**

In their motion, the Roadrunner defendants ask the court to dismiss them from the action for insufficient service of process pursuant to Federal Rules of Procedure 4 and 12(b)(5).  Specifically, the Roadrunner defendants argue that plaintiffs' attempted service by certified mail was improper under both the federal and South Carolina states rules of procedure, mirroring the court's analysis in the April 16 Order.  As such, the Roadrunner defendants conclude, "Having decided in no uncertain terms [that] [p]laintiffs' attempted service [ ] was improper, Judge Norton's [o]pinion and analysis supports and reinforce [the Roadrunner] Defendants' contention [that] they have not been properly served, and therefore, should be dismissed from this action."  ECF No. 28 at 5.  While the Roadrunner defendants' premise is correct, the law does not so clearly support their conclusion that plaintiffs' improper service warrants their dismissal.  The law requires further consideration.

Before delving into insufficient-service law, the court wishes to clarify the contours and legal effect of its April 16 Order. The Roadrunner defendants are correct that the April 16 Order, in no uncertain terms, found that "plaintiffs' attempted service was improper," ECF No. 24 at 9, and that, as of the date of the Order, "plaintiffs ha[d] failed to show that the Roadrunner defendants were properly served . . . ." id. at 5. While the April 16 Order held that plaintiffs' attempted service was improper under Rule 4(e) for the purposes of removal, it did not find that service of process on the Roadrunner defendants was insufficient, such that dismissal is warranted under Rule 12(b)(5). As the law makes clear, those two questions with respect to service—properness and sufficiency—are distinct.

Fed. R. Civ. 12(b)(5) provides defendants a vehicle for challenging the sufficiency of a plaintiff's service of process. While the plaintiff bears the burden to show that he or she complied with the rules for service, Shlikas v. SLM Corp., 2011 WL 2118843, at *2 (D. Md. May 25, 2011), aff'd, 546 F. App'x 290 (4th Cir. 2013), where "the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Indeed, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id.

While the Roadrunner defendants are correct that plaintiffs' attempted service was improper under Rule 4(e), that rule governs whether service was proper, not whether service is insufficient, such that dismissal is an available remedy. The sufficiency of

6

service, i.e., whether a plaintiff has taken too long to properly effect service, is governed

by Rule 4(m).  That rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the
> court--on motion or on its own after notice to the plaintiff--must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In other words, Rule 4(m) provides the court with two avenues

when a defendant is not served within 90 days of the plaintiff's filing of the complaint.

Under the first, available without qualification, the court "must" either: (1) dismiss the

action without prejudice, or (2) order that service be made within a specified time.  Id.

Under the second avenue, "if the plaintiff shows good cause for the failure," the court

"must extend the time for service."  Id.[3]

The court dispenses with the good-cause inquiry because it finds that, even in the

absence of good cause, justice weighs heavily against dismissal for two reasons.  For one,

---

[3] This Court recently enforced the Fourth Circuit's holding in Mendez v. Elliot,
45 F.3d 75, 78 (4th Cir. 1995), which provided a different interpretation of Rule 4(m).
See Craig v. Glob. Sol. Biz LLC, 2020 WL 528015 (D.S.C. Feb. 3, 2020).  There, the
court noted that "several district courts in the Fourth Circuit have reasoned that Mendez
is no longer good law, despite the fact that it has not been formally overruled, and
permitted an extension of time for service absent a showing of good cause."  Id. at *4.
Indeed, several district courts have concluded that the 2015 Amendments to Rule 4(m),
while not substantive, reflected the drafters' intent to Congressionally overrule Mendez,
rendering it non-controlling.  See Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 581–84
(E.D. Va. 2016); see also Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *2–4 (D.
Md. Jan. 3, 2019).
   This court distinguished Craig from the recent string of Mendez-disavowing
district court cases because the defendant "ha[d] not appeared in this case and [wa]s
facing default judgment, meaning the stakes associated with the improper service [we]re
much higher."  Craig v, 2020 WL 528015 at *4.  That is not the case here.  Not only have
the Roadrunner defendants entered an appearance in this case, but they have been active
participants in the litigation, and the court's failure to dismiss them from the case will not
result in a default judgment against them.  As such, the court here embraces the post-
Mendez interpretation of Rule 4(m).

the prevailing purpose of the service rules are to ensure that a defendant is notified that a

lawsuit has been filed against him, such that the litigation does not commence without

him and deny him due process under the law.  Murphy Bros. v. Michetti Pipe Stringing,

Inc., 526 U.S. 344, 347 (1999).  It is with this bedrock principle in mind that the Fourth

Circuit has consistently held that a plaintiff's failure to strictly comply with Rule 4 does

not warrant dismissal of the case where the defendant has actual notice of the lawsuit

against it.  Armco, 733 F.2d at 1089; Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir.

1963).  As discussed above, the Roadrunner defendants are abundantly aware of the

lawsuit plaintiffs have filed against them.  They have been active in the litigation every

step of the way.  At this point, the Roadrunner defendants' complaint of being improperly

served is little more than an exercise in semantics.[4]  Surely, the spirit of the rules would

not permit a plaintiff's prayer for relief to be divested on the back of a technical error in

service when the prevailing purpose of service has clearly been accomplished.  See Fed.

R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court

and the parties to secure the just, speedy, and inexpensive determination of every action

and proceeding.").

The court's second reason for declining to dismiss the action is practical but

nonetheless reflects the spirit of the Federal Rules.  Were the court to dismiss the

Roadrunner defendants from the action, it would do so without prejudice.  See Fed. R.

Civ. P. 4(m) ( . . . must dismiss the action without prejudice against that defendant,

---

[4] Plaintiffs' failure to properly serve the Roadrunner defendants justified their "late" removal because it caused the Roadrunner defendants a significant delay in receiving actual notice of the lawsuit.  There is no question now, however, that the Roadrunner defendants have notice of this lawsuit.

or . . .").  Dismissal without prejudice would allow plaintiffs to refile the same claims

against the Roadrunner defendants, requiring plaintiffs to reserve the Roadrunner

defendants with the new (or amended) complaint.  As such, the parties would likely end

up in precisely the same spot they find themselves in now in a few months' time, save for

the hours of legal fees each had incurred in the interim.  Embracing the Rules' directive

to ensure the speedy and economical resolution of disputes, the court declines to set those

wheels in motion.  Therefore, the court denies the motion to dismiss and orders plaintiffs

to properly effect service of the summons and complaint (as captioned) upon the

Roadrunner defendants by September 1, 2020.[5]

---

[5] There is some indication that the Roadrunner defendants have not been amenable to service.  Without casting any aspersions, the court encourages the parties to resolve the issue of service amicably, understanding that technicality-driven arguments devoid of substantive meaning will win no favor with this court.

### III.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to amend, **DENIES** the motion to dismiss, and **ORDERS** that plaintiffs effect service upon the Roadrunner defendants by September 1, 2020.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 13, 2020**
**Charleston, South Carolina**

10